<div style="margin-left:2em"><em>DUNN<br>v.<br>McComb.</em></div>

public; accordingly every one has a right freely to bring his vessels to land there, to make fast the same to the trees which are there planted, to unload his vessels, to deposit his goods, to dry his nets, and the like." C. C. 446.

The flatboat of the plaintiffs having been lawfully moored at the spot where she was sunk, the burden of proof is on the defendants to show that the accident could not have been avoided.

An allegation was made in the answer that there was no light on the flatboat at the time of the accident, which happened in rather a dark night. This allegation is rebutted by the evidence. A lantern was displayed when the steamboat rounded to, and in season to have been observed if there had been a suitable watch on the steamboat.

Upon the second branch of the defence we think the respondents equally unsupported by the evidence. A strong wind was blowing towards the Plaquemine shore, it is true; but we think there is not reason to suppose that the collision was inevitable had greater care been used by the offcers of the steamboat. Their total indifference to what had happened, after the damage was done, is some indication of recklessness.

There is no controversy as to the amount of damages, the District Judge having only allowed such as were actually proved.

The judgment is, therefore, affirmed, with costs.

Rehearing refused.

---

## MARGARET FORBES v. DAVID B. FORBES.

*The legal presumption is that a slave, bought by the plaintiff pending the community of acquests, is community property, and the unsupported declaration in the act of sale that the purchase money was given to the plaintiff by her father cannot conclude creditors who were not parties to the act.*

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *Mott & Frazer*, for plaintiff and appellant. *Livingston* and *De Choiseul*, for defendant.

SPOFFORD, J. The ends of justice seem to require that this cause should be remanded for further evidence.

It is admitted of record that the appellants are creditors of the community of acquests and gains, formerly existing between the plaintiff and the defendant, in the sum of $1000, and it seems that the community is insolvent.

The legal presumption is that the slave bought by the plaintiff pending the community of *acquests* is community property. The unsupported declaration in the act of sale that the purchase money was given to her by her father cannot conclude the appellants, who were strangers to the act.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed, and that this cause be remanded for a new trial according to law, the costs of appeal to be paid by the plaintiff and appellee.